**FILED**

JUL 2 1 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　v.<br><br>JASON ANTHONY REESE,<br><br>　　　　　Defendant. | No. CR 09-0779 CW (DMR)<br>　　　CR 09-0203 CW<br><br>REPORT AND RECOMMENDATION<br>REGARDING GUILTY PLEA |

　　　　The magistrate judge recommends to the district judge that it accept the guilty plea of defendant JASON ANTHONY REESE entered in open court on July 21, 2010. Specifically, the defendant pled guilty pursuant to a written plea agreement to count two of the indictment in Case No. CR 09-0779 CW, charging a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (distribution of N-Benzylpiperazine (BZP)). The magistrate judge makes the following findings:

　　　　1. On the hearing date set forth above, with the assistance of counsel, the defendant waived his right to enter his guilty plea before a district judge and instead consented to enter his plea in a hearing in magistrate court. Specifically, the magistrate judge advised him that he had a right to plead guilty in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal Procedure 59, he could waive that right and consent to enter his plea in a plea hearing in magistrate

REPORT AND RECOMMENDATION
CR 09-0779 CW (DMR)
CR 09-0203 CW

court. The magistrate judge also advised him that it would issue a written report recommending that the district judge accept the guilty plea, that the district judge would review that recommendation and determine whether to accept the guilty plea, and that the district judge and not the magistrate judge would sentence him. The magistrate judge also advised him of the procedures (also set forth at the end of this recommendation) for challenging the magistrate judge's recommendation. The defendant then waived his right to proceed in district court in open court and in writing and consented to the magistrate judge's conducting the plea hearing.

2. The magistrate judge conducted a full plea hearing in the manner set forth in Federal Rule of Criminal Procedure 11. In particular, the magistrate judge reviewed, and the defendant acknowledged that he understood, the following: (a) the nature of each charge and the maximum penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory Sentencing Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the rights he was waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F). The court reviewed the specific provisions of the plea agreement regarding waiving the right to appeal or collaterally attack the sentence. *See* Fed. R. Crim. P. 11(b)(1)(N). The magistrate judge also determined that there was a factual basis for the guilty plea. *See* Fed. R. Crim. P. 11(b)(3).

3. The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2), and the magistrate judge advised the defendant as follows:

   A.  To the extent that the plea agreement was an agreement of the type specified in Rule 11(c)(1)(A) or (C), the district judge may accept the agreement, reject the agreement, or defer a decision until the district judge reviewed the presentence report. Also, to the extent that the district judge accepts the agreement, the agreed disposition will be reflected in the judgment. To the extent that the district judge rejects the agreement, it will inform the parties, advise the defendant that it is not required to follow the plea agreement, and give the defendant an opportunity to withdraw the plea. If the district judge rejects the plea agreement and the defendant does not withdraw his plea, then the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

   B.  To the extent that the plea agreement was of the type specified in Rule 11(c)(1)(B), the defendant had no right to withdraw his plea if the district judge did not follow the parties' recommendation or request.

*See* Fed. R. Crim. P. 11 (c)(3)-(5).

4. The magistrate judge also addressed the defendant personally in open court, and

REPORT AND RECOMMENDATION
CR 09-0779 CW (DMR)
CR 09-0203 CW                                      2

1 | determined that the plea was voluntary and did not result from force, threats, or promises (other than
2 | the promises in the plea agreement).  *See* Fed. R. Crim. P. 11(b)(2).
3 |     5. After the advisements set forth in Rule 11, and summarized here, the defendant pleaded
4 | guilty as summarized above.  The magistrate judge found that he was fully competent and capable of
5 | entering an informed plea, that he was aware of the nature of the charges and the consequences of the
6 | guilty plea, and that the guilty plea was knowing and voluntary and supported by an independent
7 | factual basis.  This court thus recommends to the district judge that it accept the defendant's guilty
8 | plea.
9 |     6. Any party may serve and file specific written objections within fourteen days after being
10 | served with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file
11 | objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P. 59(b).
12 |     7. At the parties' request, this court set the matter for further proceedings before the district
13 | court on Wednesday, October 6, 2010 at 2:00 p.m.
14 |     IT IS SO RECOMMENDED.
15 | Dated:  July 21, 2010

                                            DONNA M. RYU
                                            United States Magistrate Judge

REPORT AND RECOMMENDATION
CR 09-0779 CW (DMR)
CR 09-0203 CW                                3